[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11891
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-14016-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR JOHN KRANZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2020)

Before WILSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Arthur Kranz appeals his 51-month total sentence for mail and wire fraud, theft of government funds, failure to disclose an event affecting the right to payment, and income tax evasion.  Kranz asserts three issues on appeal, which we address in turn.  After review,[1] we affirm Kranz's sentence.

## I.  DISCUSSION

### A.  Tax Loss Calculation

First, Kranz contends he should not have been liable for lost taxes on the portions of income at two companies—EPP Services, Inc. (EPP) and Pakan, Inc. (Pakan), which he admitted were nominees used to conceal his wages—that were assigned to his brother, mother, and son.  Kranz asserts his family members spent their payments on themselves, reported it as income to the Internal Revenue Service (IRS), and paid taxes on the income, including the money paid to his son in 2012 used to purchase property.

The sentencing guidelines provide the base offense level for tax evasion will be determined by the amount of tax loss listing in the U.S.S.G. § 2T4.1 table.  U.S.S.G. § 2T1.1(a)(1).  The base offense level for a tax loss between $250,000 and $550,000 is 18, and for a tax loss between $550,000 and $1,500,000 is 20.

---

[1]  "We review the district court's interpretation of the sentencing guidelines *de novo* and its factual findings for clear error."  *United States v. Taber*, 497 F.3d 1177, 1179 (11th Cir. 2007).  We review both the district court's calculation of the tax loss figure and its determination regarding a reduction for acceptance of responsibility for clear error.  *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017); *United States v. Zitron*, 810 F.3d 1253, 1261 (11th Cir. 2016).

2

U.S.S.G. § 2T4.1(G)-(H).  The "tax loss is the total amount of loss that was the object of the offense (*i.e*., the loss that would have resulted had the offense been successfully completed)."  U.S.S.G. § 2T1.1(c)(1).  When the amount of tax loss is uncertain, "the court will simply make a reasonable estimate based on the available facts."  U.S.S.G. § 2T1.1, comment. n.1.  The government is not required to establish fraud loss with precision as "the figure need only be a reasonable estimate given the information available to the government."  *United States v. Renick*, 273 F.3d 1009, 1025 (11th Cir. 2001).  "Upon challenge, however, the government bears the burden of supporting its loss calculation with reliable and specific evidence."  *Id.* (quotations omitted).

It is well-established that a taxpayer cannot assign his income to a third party to avoid tax liability.  *See Helvering v. Horst*, 311 U.S. 112, 120 (1940) ("[T]he purpose of the statute to tax the income to him who earns, or creates and enjoys it [cannot] be escaped by 'anticipatory arrangements . . . however [skillfully] devised' to prevent the income from vesting even for a second in the donor").  "[T]he mere assignment of the right to receive income is not enough to insulate the assignor from income tax liability" where "the assignor actually earns the income or is otherwise the source of the right to receive and enjoy the income."  *Comm'r v. Sunnen*, 333 U.S. 591, 604 (1948).

3

As the district court noted, Kranz's argument on loss computation is flawed, in part, because it reduced his income by amounts paid to nominees, which would allow him to escape tax liability by assigning his income to others. *See Sunnen*, 333 U.S. at 604; *Helvering*, 311 U.S. at 120. To the extent Kranz argues on appeal that EPP, Pakan, his brother, mother, and son were not nominees, he admitted they were nominees used to conceal his wages as part of his guilty plea. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) (stating the sentencing court's factual findings may be based upon facts admitted by the defendant's guilty plea). Moreover, the revenue agent's reports credited employee payroll taxes to Kranz, and Kranz's accountant's analysis did not consider the funds distributed to his brother that were transferred back to his account. Therefore, the district court did not clearly err in making a reasonable tax loss estimate based on the testimony of the IRS agents and the revenue agent's report. Accordingly, we affirm in this respect.

## B. Use-of-a-Minor Enhancement

Second, Kranz asserts the district court erred in applying a two-level enhancement under U.S.S.G. § 3B1.4 for using a minor to assist with the commission of the offense conduct because he did not use his 16-year-old son to commit the offenses or conceal their commission.

4

The sentencing guidelines provide for a two-level upward adjustment if the defendant used or attempted to use a person less than 18 years of age to commit the offense.  U.S.S.G. § 3B1.4.  "Used or attempted to use" includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting."  U.S.S.G. § 3B1.4, comment. (n.1).  A § 3B1.4 adjustment is warranted only where the defendant takes some affirmative step to involve a minor in the commission of the offense.  *United States v. Futch*, 518 F.3d 887, 896 (11th Cir. 2008) (citing *United States v. Taber*, 497 F.3d 1177, 1181 (11th Cir. 2007)).  The unambiguous legislative design of § 3B1.4 is to protect minors as a class from being used.  *See id.* (citing *United States v. McClain*, 252 F.3d 1279, 1288 (11th Cir. 2001)).  We have declined to rule on whether mere partnership or mere participation constitutes an "affirmative act."  *See Taber*, 497 F.3d at 1181 (citing circuit split and declining to resolve the issue).  For example, in *Futch*, the defendant placed an infant on top of cocaine in an effort to hide the drugs and avoid detection.  *Futch*, 518 F.3d at 896.  We stated the use of the minor went beyond mere presence.  *Id.*  Rather, the defendant took the affirmative step of physically placing the infant on top of the cocaine and we upheld the district court's application of the § 3B1.4 enhancement.  *Id.* at 896-97.

The district court did not clearly err in applying a two-level use-of-a-minor enhancement, under U.S.S.G. § 3B1.4.  In an effort to conceal his wages, Kranz

5

used his minor son as a nominee and listed his son on Pakan's corporate filings. On at least one occasion, he also directed his son to move $20,000 via a cashier's check.  Furthermore, Kranz had his son meet with an accountant to prepare tax returns showing income going to his son from Pakan.  As in *Futch*, it does not matter whether his son understood the true purpose of his actions.  *See Futch*, 518 F.3d at 896.  Therefore, we affirm the use-of-a-minor enhancement.

## C.  Acceptance of Responsibility

Finally, Kranz contends the district court erred in refusing to reduce his offense level for acceptance of responsibility because he pled guilty and the evidence of acceptance of responsibly was not outweighed by other conduct.

Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is "entitled to great deference on review."  U.S.S.G. § 3E1.1, comment. (n.5).  The district court's decision on acceptance of responsibility will not be overturned unless the facts in the record clearly establish the defendant actually accepted personal responsibility.  *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).  The defendant bears the burden of proving he clearly accepted responsibility.  *Id.*  The starting point for measuring acceptance of responsibility is the commencement of federal charges.  *United States v. Wade*, 458 F.3d 1273, 1280-81 (11th Cir. 2006).

6

A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility." U.S.S.G § 3E1.1(a). "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.*, comment. (n.3). The entry of a guilty plea combined with a truthful admission of the conduct comprising the offense charged constitutes significant evidence of acceptance of responsibility. *Id.* However, those acts may be outweighed by conduct that is inconsistent with acceptance of responsibility. *Id.*

The district court did not clearly err in declining to reduce Kranz's offense level for acceptance of responsibility. Kranz made false statements in a Social Security Administration application to receive Title II benefits after pleading guilty to similar conduct. Notably, while he attempts to justify his false statements about his employment history in the application, he does not address his false statement regarding his status as a felon. Furthermore, despite his alleged attempts to correct the false statements at the time, he did not submit a written clarification until after the Government objected to him receiving credit for acceptance of responsibility. Considering the "great deference" given to district courts, it is also relevant that the court found Kranz's assertion that he did not knowingly or intentionally provide false information was not credible. U.S.S.G. § 3E1.1, comment. (n.5). Therefore, the district court did not clearly err in declining to reduce Kranz's offense level

because his post-guilty plea actions, which were remarkably similar to his offense conduct, were inconsistent with acceptance of responsibility.  Accordingly, we affirm in this respect.

## II.  CONCLUSION

The district court did not clearly err in (1) calculating the tax loss, (2) applying the use-of-a-minor enhancement, and (3) declining to reduce Kranz's offense level for acceptance of responsibility.

**AFFIRMED.**